OPINION
Appellant Larry Robinson is appealing the decision of the Ashland County Municipal Court that found him guilty of speeding in violation of R.C. 4511.21(C). The following facts give rise to this appeal. On April 28, 1998, Deputy Dave Blake was working a traffic detail in the Village of Bailey Lakes. Deputy Blake observed appellant's vehicle traveling in excess of the posted speed limit of forty-five miles per hour. Deputy Blake's radar indicated that appellant was traveling sixty miles per hour. Deputy Blake stopped appellant and issued him a ticket. Appellant entered a plea of not guilty and this matter proceeded to trial on June 11, 1998. Following the conclusion of the trial, the trial court found appellant guilty, as charged, and imposed a twenty-five dollar fine and costs. Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT ERRED WHEN IT FOUND DEFENDANT-APPELLANT GUILTY OF VIOLATING OHIO REV. CODE ANN. (BALDWIN'S) § 4411.21(C) WHEREIN THE STATE DID NOT PROVE THE CASE BEYOND A REASONABLE DOUBT.
 I
Appellant maintains, in his sole assignment of error, the trial court's judgment finding him guilty of speeding is against the manifest weight of the evidence. We disagree. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. It is based on this standard that we review appellant's sole assignment of error. Appellant argues reasonable doubt existed as a result of his testimony and the testimony of Officer Blake concerning exactly where appellant was located when Deputy Blake checked his speed. Appellant also argues that due to Deputy Blake's distance, outside the village limits, he incorrectly believed appellant was inside the forty-five miles per hour speed zone as opposed to the fifty-five miles per hour speed zone. Our review of the transcript supports the conclusion that the trial court did not lose its way in resolving conflicts in the evidence thereby creating a manifest miscarriage of justice entitling appellant to a new trial. Deputy Blake testified that appellant's vehicle was the next vehicle to the radar and that there were no obstructions between the radar and appellant's vehicle. Tr. at 14-15. To confirm his belief that appellant was speeding, Deputy Blake obtained a tracking history of the vehicle using the radar's audible signal. Tr. at 15. The audible signal indicated appellant was traveling at sixty miles per hour. Tr. at 15-16. Deputy Blake testified the violation occurred within the Village of Bailey where the speed limit is forty-five miles per hour. Tr. at 14. Further, on cross-examination, appellant admitted that the radar beam is invisible and he did not know the location of his vehicle when Deputy Blake checked his speed. Tr. at 30-31. We find, based on the above testimony, the trial court's judgment finding appellant guilty of speeding, in violation of R.C. 4511.21(C), is not against the manifest weight of the evidence. Appellant's sole assignment of error is overruled.
For the foregoing reasons, the judgment of the Ashland County Municipal Court, Ashland County, Ohio, is hereby affirmed.
By: Wise, P.J. Edwards, J., and Reader, V.J., concur.